**Raul Lara MACIAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74641.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 27, 2007.

Nadeem H. Makada, Esq., Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony C. Payne, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Raul Lara Macias seeks review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") order denying Lara's application for cancellation of removal. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review in part, dismiss in part, grant in part, and remand.

Lara contends the IJ violated due process by not giving Lara additional time to subpoena the testimony of his prior doctor. Contrary to Lara's contention, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Lara failed to demonstrate that additional testimony would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

We lack jurisdiction to review the IJ's discretionary determination that Lara failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

The IJ granted voluntary departure for a sixty-day period, while the BIA, in a streamlined decision, changed the voluntary departure period to thirty days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the sixty-day voluntary departure period.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part and GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

